# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN T. SALAZAR,<br><br>Plaintiff,<br><br>vs.<br><br><br>TRUSTEE CORPS; DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; FEDERAL DEPOSIT INSURANCE CORPORATION; and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO. 08-CV-2142-IEG (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING FDIC'S MOTION TO SUBSTITUTE PARTY; (Doc. No. 8);**<br><br>**(2) GRANTING FDIC'S MOTION TO STAY PROCEEDINGS; (Doc. No. 10);**<br><br>**(3) DENYING AS MOOT DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.'S MOTION TO DISMISS; (Doc. No. 7)**<br><br>**(4) GRANTING TRUSTEE CORPS' MOTION TO DISMISS COMPLAINT; (Doc. No. 3) and**<br><br>**(5) DENYING AS MOOT TRUSTEE CORPS' MOTION FOR SUMMARY JUDGMENT. (Doc. No. 6.)** |

Presently before the Court are: (1) Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Substitute FDIC as Receiver in Place of Downey Savings and Loan Association, F.A. ("Downey") (Doc. No. 8); (2) Defendant FDIC's Motion to Stay Proceedings Pending Exhaustion of Statutorily Mandated Administrative Remedies (Doc. No. 10); (3) Defendant Downey's

Motion to Dismiss Complaint for Failure to State Claim (Doc. No. 7); (4) Defendant Trustee Corps' Motion to Dismiss Complaint For Failure to State Claim, or alternatively, (5) Motion for Summary Judgment (Doc. Nos. 3 and 6.)

## FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2005, plaintiff Esteban Salazar ("Salazar") borrowed $620,000 from defendant Downey to purchase the property located at 2264 Mountain Ridge Road, Chula Vista, CA 91914 ("Property"). In exchange for the loan, plaintiff executed a promissory note secured by a deed of trust on the property. Downey assigned the deed and note to "Mortgage Electronic Registration Systems" ("MERS") acting as nominee for Central Mortgage Company ("CMC") in an instrument recorded on January 5, 2006. Defendant MTC Financial, Inc. (sued as, and hereinafter referred to as "Trustee Corps"), acting for CMC, issued a Notice of Default and Election to Sell Under Deed of Trust that was recorded on June 27, 2008. In a Substitution of Trustee recorded on August 19, 2008, CMC substituted Trustee Corps as the new trustee under the deed. Trustee Corps issued and recorded the Notice of Trustee's Sale referenced in the complaint on October 20, 2008.[1]

The Complaint alleges Trustee Corps and Downey are "proceeding toward a Trustee's sale" of the Property (Compl. ¶ 5,) purportedly at Downey's "insistence." (Id. ¶ 1.) Plaintiff contends Downey is not the holder of the note secured by a deed of trust on the Property, is not in possession of the note properly endorsed to it, and does not have the legal right to foreclose. (Id. ¶ 7.) Plaintiff also contends that Downey has no right to direct Trustee Corps to foreclose and sell the Property. (Id. ¶ 8.) Plaintiff has allegedly notified Trustee Corps of his view that Downey has no right to foreclose, and has requested that Trustee Corps suspend the foreclosure sale "unless and until it has obtained proof that [Downey] actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by Trustee Corps." (Id.) Plaintiff's letter to Trustee Corps, dated October 22, 2008, is attached as Exhibit 2 to the Complaint.

Plaintiff also alleges that defendants' conduct in this case is part of a "pattern and practice" of such activity. Plaintiff states, "the [d]efendants and each of them, in so acting in this case and with respect to many other mortgage or trust deed security instruments engage in a pattern and practice of

---

[1] "Exhibit 1" to the Complaint is a Notice of Trustee's Sale regarding the Property.

utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so"; (Id., ¶ 9) that "[i]n all the wrongful acts alleged in this complaint, the [d]efendants and each of them have utilized the United States mail in furtherance of their conspiracy"; (Id., ¶ 13) and finally that "[d]efendants, and each of them, in committing the acts alleged in this and in other cases are engaging in a pattern of unlawful activity." (Id., ¶ 14.)

Plaintiff brought the instant Complaint in San Diego County Superior Court on November 5, 2008, and the trustee's sale went forward on November 6, 2008. On November 25, 2008 several transactions were recorded: (1) MERS assigned the deed to CMC; CMC assigned all beneficial interest to Downey; and (3) Trustee Corps issued a Trustee's Deed Upon Sale conveying its interest in the Property to Deutsche Bank National Trust Company as Trustee for Downey.

Trustee Corps filed a motion to dismiss the Complaint, or alternatively a motion for summary judgment on December 5, 2008. (Doc. Nos. 3 and 6.) Downey filed a motion to dismiss the Complaint on December 8, 2008. (Doc. No. 7.) The FDIC filed its motion to substitute itself as a receiver in place of Downey and a motion to stay proceedings pending exhaustion of statutorily mandated administrative remedies on December 8, 2008. (Doc. No. 8.) No party has not filed an opposition to any of these motions. The Court finds the motions suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION**

I.   FDIC'S Motion to Substitute Party

On November 21, 2008 the United States Treasury Department's Office of Thrift Supervision ("OTS") declared Downey insolvent and appointed the FDIC as Downey's receiver.[2] The FDIC

---

[2] The FDIC requests that the Court judicially notice the November 21, 2008 Order Number 2008-49 appointing the FDIC as a receiver for Downey, and the November 21, 2008 letter from OTS informing Downey of the appointment of FDIC as receiver. The FDIC requests this judicial notice in support of both its motion to substitute party and its motion to stay proceedings. A court may take judicial notice of facts not subject to reasonable dispute and either "generally known" in the court's territorial jurisdiction, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201 (2009). The Court finds the facts described in the documents to be capable of accurate and ready determination by a source whose accuracy cannot be reasonably questioned, and GRANTS the FDIC's request for judicial notice.

1  accepted the receivership pursuant to 12 U.S.C. § 1821(c)(3)(A).[3]  The FDIC now moves the Court
2  for substitution of the FDIC in Downey's place as a party in interest in this case.  The motion is based
3  on Fed. R. Civ. P. 25(c), which states "[i]f an interest is transferred, the action may be continued by
4  or against the original party unless the court, on motion, orders the transferee to be substituted in the
5  action or joined with the original party." Fed. R. Civ. P. 25(c) (2009).  Rule 25(c) allows an action
6  to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation
7  of an entirely new lawsuit.  <u>ELCA Enters. v. Sisco Equip. Rental & Sales</u>, 53 F.3d 186, 191 (8th Cir.
8  1995).  The decision to grant or deny substitution on the basis of a transfer of interest rests in the
9  Court's discretion.  <u>Educational Credit Mgmt. Corp. v. Bernal</u>, 207 F.3d 595, 598 (9th Cir. 2000).

10       The FDIC, as receiver of an institution, succeeds to "all rights, titles, powers, and privileges"
11  of that institution, including taking over all the institution's assets and obligations. 12 U.S.C. §
12  1821(d)(2)(A)-(B), (H)(2008); <u>Sharpe v. FDIC</u>, 126 F.3d 1147, 1152 (9th Cir. 1997).  The FDIC
13  argues there has been a transfer of interest because on November 21, 2008 the OTS declared Downey
14  insolvent and appointed the FDIC as Downey's receiver.  Given these rights and responsibilities,
15  entities appointed as receivers have been found to be appropriately substituted under Rule 25(c).  <u>See</u>,
16  <u>e.g.</u> <u>FDIC v. Wrapwell Corp.</u>, 922 F. Supp. 913, 917 (S.D.N.Y. 1996) (finding the FDIC, as receiver
17  for plaintiff, was properly substituted into the case under Rule 25(c)). <u>Compare</u> <u>First American Sav.</u>
18  <u>Bank, F.S.B. v. Westside Federal Sav. & Loan Asso.</u>, 639 F. Supp. 93, 96 (W.D. Wash. 1986) (finding
19  the Federal Savings and Loan Insurance Corporation, as receiver for the defendant savings and loan
20  association, was properly substituted as party defendant under Rule 25(c)).  Accordingly, when the
21  OTS declared Downey insolvent and appointed the FDIC as Downey's receiver, a transfer of interest
22  took place, as contemplated by Fed. R. Civ. P. 25(c).  The Court therefore GRANTS the FDIC's
23  motion to substitute itself as a party in interest for Downey.

24  II.   <u>FDIC's Motion to Stay Proceedings</u>

25       The FDIC moves the Court to stay plaintiff's claim pending plaintiff's exhaustion of the
26  administrative claims process required by the Financial Institutions Reform, Recovery and

---

[3] "Whenever the authority having supervision of any insured State depository institution appoints a conservator or receiver for such institution and tenders appointment to the [FDIC], the [FDIC] may accept such appointment." 12 U.S.C. § 1821(c)(3)(A) (2008).

1 Enforcement Act ("FIRREA"), 12 U.S.C. § 1811 *et seq*. The FDIC requests the Court stay the proceedings until the earlier of 180 days from the filing of plaintiff's administrative claim or 10 days after the FDIC has made a final determination upon the claim.

A)      Legal Standard

Section 1821(d)(3)(A) of FIRREA[4] provides the FDIC, acting in its capacity as receiver, with the authority to determine claims against a failed depository institution. Under § 1821(d)(3), the FDIC must give mailed notice of the claims process to the failed institution's known creditors within thirty days of discovery of the creditors' names and addresses. The FDIC must promptly give publication notice to all other creditors. In either case, the notice must establish a deadline of no less than ninety (90) days from the date of notice for receipt of claims for the creditors to assert their claims against the institution's assets. 12 U.S.C. § 1821(d)(5)(C) bars payment on those claims filed beyond the date fixed by FDIC.

If a claimant submits a timely claim to the FDIC, the FDIC must determine within 180 days whether to allow or disallow the claim.[5] If the FDIC fails to determine the claim or disallows the claim, then, under § 1821(d)(6)(A), the claimant has 60 days to request administrative review or file or continue suit on such claim in the district court.[6] No court has jurisdiction over the claim until the

---

[4] 12 U.S.C. § 1821 (d)(3) (2009) provides: "Authority of receiver to determine claims. [¶] (A) In general. The [FDIC] may, as receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph (4). [¶] (B) Notice requirements. The receiver, in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall– (i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice; and (ii) republish such notice approximately 1 month and 2 months, respectively, after the publication under clause (i). [¶]  (C) Mailing required. The receiver shall mail a notice similar to the notice published under subparagraph (B)(i) at the time of such publication to any creditor shown on the institution's books–(i) at the creditor's last address appearing in such books; or (ii) upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address."

[5] 12 U.S.C. § 1821(d)(5)(A)(i) (2009) provides, "[b]efore the end of the 180-day period beginning on the date any claim against a depository institution is filed with the [FDIC] as receiver, the [FDIC] shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim."

[6] 12 U.S.C. § 1821(d)(6)(A) (2009) provides, the claimant, upon disallowance, with a 60-day period to "request administrative review of the claim . . . or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States . . . ."

1  exhaustion of this administrative process.[7] The Ninth Circuit has unequivocally held that a claimant
2  must exhaust his administrative remedies as mandated by § 1821 before pursuing a claim in federal
3  court against an failed financial institution. International Travel Mktg. v. FDIC, 45 F.3d 1278, 1282
4  (9th Cir. 1994).  The exhaustion requirement applies regardless of whether a plaintiff brings suit
5  before or after the FDIC is appointed as receiver for a failed institution. Id.

6  B) Analysis

7  The first question the Court must answer is whether plaintiff is a "creditor" for purposes of
8  FIRREA claims process. Sharpe v. FDIC, 126 F.3d 1147, 1156 (9th Cir. 1997) (holding plaintiffs, who
9  held cashier's checks drawn on a failed financial institution were not creditors for FIRREA purposes
10 and were not subject to the law's claims process).  Defendant argues plaintiff's claim constitutes a
11 claim for payments from, or an action seeking a determination of rights with respect to, the assets of
12 the former bank, barring the Court's jurisdiction under § 1821(d)(13)(D) until plaintiff has exhausted
13 the administrative claims procedure. In this case, the foreclosure sale of plaintiff's property caused
14 the property to revert to the beneficiary, Deutsche Bank, as trustee for Downey.  Plaintiff's complaint
15 alleges Downey had no right to initiate the trustee's sale.  The Court finds that plaintiff's dispute is
16 properly an action seeking a determination of rights with respect to the property under §
17 1821(d)(13)(D), and accordingly that plaintiff is a "creditor" for purposes of the FIRREA claims
18 process.

19 Because plaintiff is a creditor of Downey as contemplated by FIRREA, and brought suit prior
20 to the FDIC's receivership appointment, he must exhaust his administrative remedies with the FDIC
21 before continuing with his present federal case against Downey. International, 45 F.3d at 1282. The
22 Ninth Circuit has indicated that a stay of proceedings is the proper procedural mechanism for a court
23 to employ in cases where an action is pending at the time of the FDIC's appointment as receiver and
24 "when the claimant still has time to file an administrative claim with the FDIC before the

---

[7] 12 U.S.C. § 1821(d)(13)(D) (2009) provides, "[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over - (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver."

1  administrative bar date passes." <u>Intercontinental</u>, 45 F.3d at 1284.  The district court does not lose
2  jurisdiction of the case until the claimant fails to file a timely administrative claim. <u>Id.</u>

3      In the present case, the Court cannot determine the propriety of the FDIC's requested stay
4  because the FDIC has not indicated the administrative bar date it set in its notice to plaintiff.  In fact,
5  the FDIC has not indicated whether it gave plaintiff notice of the claims process at all.  Moreover,
6  although a 180 day stay is warranted from the date of plaintiff's timely administrative claim, it has not
7  been shown that plaintiffs have made such a claim.  The Court finds that the granting of a 180 day stay
8  is therefore premature.  However, under 12 U.S.C. § 1821(d)(12)(A)[8], the FDIC as receiver is entitled
9  to a stay for up to 90 days in any judicial action to which it becomes a party.  In light of the fact that
10  the Court has granted the FDIC's motion to substitute itself as a party in interest for Downey, the
11  FDIC has become a party to this action.  Accordingly, the Court GRANTS the FDIC's motion to stay
12  proceedings.  The stay shall be in effect for a period of ninety (90) days, up to and including June 10,
13  2009.  The FDIC shall submit a written status report to the Court no later than May 27, 2009 advising
14  the Court of the following information: (1) whether the FDIC provided notice of the claims process
15  to plaintiff; and (2) whether plaintiff has filed an administrative claim.  The FDIC may move for
16  dismissal if plaintiff does not take steps to exhaust his administrative remedies.

17  III.     <u>Downey's Motion to Dismiss</u>

18      Downey has filed a motion to dismiss plaintiff's complaint for failure to state a claim upon
19  which relief may be granted under Fed. R. of Civ. P. 12(b)(6). In light of the FDIC's substitution for
20  Downey as a party in interest and  the stay in the proceedings discussed *supra*, the Court DENIES
21  Downey's motion as moot.  The FDIC may re-file the motion to dismiss after the expiration of the
22  stay, if it deems such action to be appropriate.

23  ///
24  ///
25  ///

---

[8] "(12) Suspension of legal actions. [¶](A) In general. After the appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed . . . [¶] (ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.  12 U.S.C. § 1821(d)(12)(A) (2009).

IV.    Trustee Corps' Motion to Dismiss

Plaintiff's Complaint sets forth three broad causes of action against Trustee Corps.[9] First, he alleges Trustee Corps engaged in unfair debt collection practices in violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the Federal Real Estate Settlement Procedures Act ("RESPA"). (Compl. ¶ 21.) Next, plaintiff claims defendants engaged in predatory lending practices in violation of the Home Ownership and Equity Protection Act ("HOEPA"), the Truth in Lending Act, and the Federal Trade Commission ("FTC") Act. (Compl. ¶ 24.) Finally, plaintiff alleges defendants violated the Federal Racketeering Influenced and Corrupt Organizations Act ("RICO"). (Compl. ¶¶ 27-32.) Trustee Corps moves to dismiss the Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Trustee Corps moves for summary judgment.

A)    Request for Judicial Notice

Trustee Corps has filed a request for judicial notice asking the Court to take judicial notice of several documents in support of its motion. In ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Accordingly, a court may consider matters of public record on a motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. Cal. 1986), *abrogated on other grounds* by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

Trustee Corps asks the Court to take judicial notice of several documents recorded in the San Diego County Recorder's Office: (1) The grant deed for the Property in favor of plaintiff recorded on September 9, 2004; (2) The Deed of Trust in favor of Downey securing and referring to a Note dated

---

[9] Trustee Corps erroneously construes plaintiff's request for injunctive relief from the foreclosure sale as a separate "cause of action" and argues extensively about why an injunction is not warranted. Notwithstanding this error, the Court agrees that injunctive relief is not presently warranted, because the Complaint does not set forth the appropriate legal standard for injunctive relief or present any argument that plaintiff's situation meets that standard. See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co., 240 F.3d 832, 839-840 (9th Cir. 2001) (holding a preliminary injunction is appropriate if the moving party establishes either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) serious questions going to the merits of the case and the balance of hardships tips sharply in favor of the moving party).

1  March 15, 2005 in the amount of $620,000, recorded on March 21, 2005; (3) The Assignment of the
2  Deed from Downey to MERS as nominee for CMC, recorded on January 5, 2006; (4) The Notice of
3  Default and Election to Sell Under Deed of Trust by CMC, care of Trustee Corps, recorded June 27,
4  2008; (5) The Substitution of Trustee substituting Trustee Corps for original trustee DSL Service
5  Company, recorded August 19, 2008; (6) The Notice of Trustee's Sale recorded October 8, 2008; (7)
6  and (8) The Assignments of the Deed from MERS to CMC, and from CMC to Deutsche Bank
7  National Trust Company as Trustee for Downey, recorded on November 25, 2008; and (10) The
8  Trustee's Deed Upon Sale transferring title from Trustee Corps to Deutsche Bank as Trustee for
9  Downey, recorded on November 25, 2008. The Court finds these documents appropriate for judicial
10 notice under Fed. R. Evid. 201(b)(2).

11   Furthermore, Trustee Corps asks the Court to judicially notice the adjustable rate note dated
12 March 15, 2005 for $620,000 between plaintiff and Downey. "[D]ocuments whose contents are
13 alleged in a complaint and whose authenticity no party questions, but which are not physically
14 attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch
15 v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds* by Galbraith v. County of
16 Santa Clara, 307 F.3d 1119, 1124 (9th Cir. 2002). The Court finds the note appropriate for
17 consideration because no party objects to its authenticity (plaintiff has not filed an opposition), and
18 it is referenced extensively in the Complaint. The Court GRANTS the request for judicial notice in
19 its entirety.

20   B)   Legal Standard

21   A complaint must contain "a short and plain statement of the claim showing that the pleader
22 is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of
23 the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.
24 Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept
25 all factual allegations pled in the complaint as true, and must construe them and draw all reasonable
26 inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336,
27 337-38 (9th Cir.1996). To a void a Rule 12(b)(6) dismissal, a complaint need not contain detailed
28 factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its

1  face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  However, "a plaintiff's obligation to
2  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and
3  a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted).
4  "Factual allegations must be enough to raise a right to relief above the speculative level, on the
5  assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation
6  omitted).   In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not
7  proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or
8  that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen.
9  Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, (1983).

10        C)    Federal Fair Debt Collection Practices Act Claims

11        Plaintiff alleges Trustee Corps "violated provisions of . . . the Federal Fair Debt Collection
12  Practices Act, [("FDCPA") 15 U.S.C.] §§1692 et seq. . ." (Compl. ¶ 21.) Plaintiff also alleges Trustee
13  Corps acted as a "debt collector" under this statute.  Trustee Corps argues it is "doubtful" that the
14  FDCPA applies to mortgage foreclosures and that Trustee Corps is not a "debt collector" as
15  contemplated by the statute.

16        "The [FDCPA] prohibits debt collectors making false or misleading representations and from
17  engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995); see
18  also 15 U.S.C. § 1692, et seq.   To state a claim for violation of the FDCPA, a plaintiff must allege
19  that the defendant is a "debt collector" collecting a "debt." Uyeda v. J.A. Cambece Law Office, P.C.,
20  2005 U.S. Dist. LEXIS 9271, at *7 (N.D. Cal. May 16, 2005).  The Ninth Circuit has not spoken on
21  this issue of whether foreclosure on a home pursuant to a deed of trust is "debt collection" as
22  contemplated by the FDCPA.  However, the Court finds rulings from other trial courts on this issue
23  to be persuasive. Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)
24  ("foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the
25  meaning of the FDCPA."); Gray v. Four Oak Court Ass'n, Inc., 580 F. Supp. 2d 883, 888 (D. Minn.
26  2008) ("the enforcement of a security interest, including a lien foreclosure, does not constitute the
27  "collection of any debt [under the FDCPA]"). Accord Izenberg v. ETS Services, LLC, 2008 WL
28  5179088 (C.D. Cal. Dec. 8, 2008); Ines v. Countrywide Home Loans, Inc., 2008 WL 4791863, at *2

1  (S.D. Cal. Nov. 3, 2008). The Court accordingly finds that the foreclosure on plaintiff's home is not
2  the collection of a debt within the meaning of the FDCPA.

3       To be held liable under the FDCPA, Trustee Corps must also fall within the Act's definition
4  of a "debt collector." Heintz, 514 U.S. at 294; Romine v. Diversified Collection Servs., 155 F.3d
5  1142, 1145-46 (9th Cir. 1998). The FDCPA defines "debt collector," as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. For the purpose of [15 USCS § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a (2008). Defendant argues it was not a debt collector, but was acting as a substituted trustee under a deed of trust to sell the property by power of sale at foreclosure, and was not attempting to collect funds from the debtor plaintiff. Plaintiff's complaint merely states that Downey directed Trustee Corps to sell the property at foreclosure. This role is not one of a debt collector.

     Finally, the Complaint does not reference which of the FDCPA's numerous provisions Trustee Corps allegedly violated. Although the Court must assume that plaintiff can prove the facts he alleges in his complaint, it may not assume that Trustee Corps has violated the law in ways that have not been alleged. Associated Gen. Contractors, 459 U.S. at 526. Moreover, at the pleading stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl., 550 U.S. at 555. Here, plaintiff provides no more than labels and conclusions that Trustee Corps violated the FDCPA, without so much as addressing the elements for any cause of action under that statute. Accordingly, the Court dismisses plaintiffs' FDCPA claim.

    D)    California's Rosenthal Fair Debt Collection Practices Act

     Plaintiff also alleges Trustee Corps violated provisions of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA,") Civil Code § 1788(e)-(f), and has acted as a "debt collector" under this statute. (Compl. ¶ 21.) The sections of the RFDCPA plaintiff invokes do not exist.

     Moreover, Trustee Corps correctly states in its motion that as a trustee performing acts of

nonjudicial foreclosure it is provided immunity from the RFDCPA under Cal. Civ. Code § 2924(b). "California Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (Cal. Ct. App. 1994). The Moeller court also noted that this statutory framework is "intended to be exhaustive" and that "it would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings." Id. at 834. Section 2924 specifically provides:

> In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. In performing the acts required by this article, a trustee shall not be subject to [Cal. Civ. Code § 1788].

Cal. Civ. Code § 2924(b) (2008). Plaintiff has not alleged Trustee Corps acted as anything other than a trustee in a nonjudicial foreclosure sale pursuant to a deed of trust. Therefore, by the plain language of Cal. Civ. Code § 2924(b), Trustee Corps is not subject to the RFDCPA,[10] and plaintiffs cause of action under that statute fails.

### E)   Federal Real Estate Settlement Procedures Act

Plaintiff alleges Trustee Corps "violated provisions of . . . [The Real Estate Settlement Procedures Act ("RESPA")], 12 U.S.C. §§ 2601-2617." (Compl. ¶ 21.) RESPA protects consumers from unnecessarily high settlement charges and abusive mortgage practices. See 12 U.S.C. § 2601 (2009). To effectuate these objectives, RESPA requires advance disclosure of settlement costs, the elimination of kickbacks or referral fees, and a reduction of the amount that buyers are required to place in escrow accounts for taxes and insurance. Id. §§ 2601(b) (2008). Plaintiff does not specify what specific provision(s) of RESPA Trustee Corps violated, nor does plaintiff state what Trustee

---

[10] Trustee Corps further argues that *all* claims plaintiffs seeks against it should be dismissed with prejudice because its conduct was privileged under Cal. Civ. Code §§ 47 and 2924(d) (together providing that the delivery of foreclosure-related notices and a trustee's performance of duties related to a foreclosure sale are "privileged communications"), and at common law the presumption that a foreclosure sale has been conducted fairly and regularly may only be rebutted by substantial evidence of prejudicial procedural irregularity. The Court need not reach this issue because it finds the Complaint may be dismissed in its entirety on independent grounds.

Corps allegedly did in violation of the statute. Neither defendant or the Court is required to guess as to the manner in which defendant's conduct allegedly violated RESPA, Assoc. Gen. Contractors, 459 U.S. at 526, and his conclusory allegation of a RESPA violation is insufficient to withstand a motion to dismiss.[11]

### F) Predatory Lending Claims

Plaintiff's second cause of action for predatory lending states that it is "as to all named defendants." The claim contains no charging allegations against Trustee Corps, however, and merely alleges Downey "the initial lender, has engaged in predatory lending practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act (FTC Act"), 15 U.S.C. §§ 41-58. . . ." (Compl., ¶ 24.) Plaintiff also does not specify which provisions of the federal laws cited were allegedly violated. The Complaint concedes that the "specifics" of the violations are unknown, but will be added to the complaint "when ascertained." (Compl. ¶ 24.) As previously stated, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl., 550 U.S. at 555. Plaintiff's allegations are by definition speculative, and do not even rise to the level of "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2). Accordingly, the Court dismisses plaintiff's predatory lending claims.

### G) RICO Claims

Plaintiff's final cause of action arises under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. To state a civil claim under RICO (18 U.S.C. § 1964), a complaint must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiff's' business or property. Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005). Plaintiff's RICO allegations are deficient.

---

[11] The Court notes that it is questionable whether RESPA would even apply to a trustee foreclosing on a home pursuant to a deed of trust. The stated objectives of RESPA apply to the mortgage lending and settlement process, 12 U.S.C. § 2601(b)(2008), and a trustee conducting a foreclosure sale on a home is not involved in either process. However, the Court does not reach this issue at this time.

First, plaintiff has insufficiently pled the predicate acts constituting the alleged RICO violations. Plaintiff's RICO claim merely incorporates the preceding allegations in the complaint and offers conclusory allegations of "attempts to collect unlawful debts," "mail fraud," "interference with commerce, robbery, or extortion," and "fraud in the sale of securities," all enumerated as predicate acts of "racketeering activity" by 18 U.S.C. § 1961 (2009). He has pled no facts to demonstrate how defendants committed these offenses. This type of "shotgun" pleading is insufficient to plead a RICO claim. Savage v. Council on American-Islamic Rels., Inc., 2008 U.S. Dist. LEXIS 60545, *39-40 (N.D. Cal. July 25, 2008) (finding a RICO claim was insufficient wherein plaintiff set forth "a redundant narrative of allegations and conclusions of law, but makes no attempt to allege what facts are material to his claims under the RICO statute, or which facts are used to support what claims under particular subsections of RICO.") Moreover, plaintiff's allegation of mail fraud does not comply with the heightened pleading standard of Fed. R. Civ. P. 9(b), which applies to predicate acts of fraud for a RICO claim. Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). This heightened standard requires that plaintiff detail with particularity the time, place and manner of each act of fraud, plus the role of each defendant in each scheme. Id. Plaintiff's complaint fails to provide any facts regarding the time and place of each act of fraud and the roles of each defendant in those acts.

Trustee Corps also argues plaintiff has failed to allege an injury compensable under Section 1964(c). That section confers standing to bring civil RICO claims only upon those persons "injured in [their] business or property" by a RICO violation. 18 U.S.C. § 1964(c) (2009). "Under § 1964(c), a RICO plaintiff must allege a direct causal link between his injury and the defendant's violation." Wagh v. Metris Direct, Inc., 348 F.3d 1102, 1110 (9th Cir. 2003) *overruled on other grounds by* Odom v. Microsoft Corp., 486 F.3d 541, 550 (9th Cir. 2007). Plaintiff merely alleges his damages arise from a defendants' "pattern of unlawful activity." (Compl. ¶ 14-15.) He does not identify the unlawful activity that caused the damages. Accordingly, plaintiff's RICO claims are dismissed.

V.      Trustee Corps' Motion For Summary Judgment

Because Trustee Corps' motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) has been granted in its entirety, Trustee Corps' motion for summary judgment, brought as an

1 alternative to the motion to dismiss, is DENIED AS MOOT.

## CONCLUSION

For the reasons stated herein: (1) FDIC's motion to substitute party is GRANTED; (2) FDIC'S request for judicial notice is GRANTED; (3) FDIC's Motion to Stay Proceedings is granted for 90 days, up to and including June 10, 2009.  The FDIC shall submit a written status report to the Court no later than May 27, 2009 advising the Court of whether the FDIC gave plaintiff notice of the FIRREA claims process and whether plaintiff has filed an administrative claim under FIRREA; (4) Downey's Motion to Dismiss plaintiff's complaint is DENIED AS MOOT.  The FDIC may re-file the motion to dismiss after the expiration of the stay, if it deems such action to be appropriate; (5) Trustee Corps' request for judicial notice is GRANTED; (6) Trustee Corps' Motion to Dismiss plaintiff's complaint is GRANTED;  and (7) Trustee Corps' Motion for Summary Judgment is DENIED AS MOOT.

Plaintiff shall file a First Amended Complaint against Trustee Corps no later than thirty (30) days from the date of this order.

**IT IS SO ORDERED.**

**DATED:  March 12, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**